# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-173V
(Unpublished)

| | |
|---|---|
| TARRO DUSSAULT, | Special Master Katherine E. Oler |
| Petitioner, | |
| v. | Filed: June 17, 2020 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Petitioner's Motion for a Decision; Dismissal of Petition; Vaccine Act. |
| Respondent. | |

*Michael Firestone*, Marvin Firestone, MD, JD, and Associates, San Mateo, CA, for Petitioner.
*Mallori Openchowski*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING PETITION[1]

### I.  Procedural History

On February 4, 2016, Tarro Dussault ("Petitioner") filed a petition[2] for compensation under the National Vaccine Injury Compensation Program,[3] alleging that he suffered from a tetany inflammatory response and back pain as a result of the tetanus, diphtheria, and acellular pertussis

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] This case was initial assigned to now-retired Special Master Hastings (ECF No. 4), reassigned to Special Master Corcoran on October 4, 2017 (ECF No. 33), and then reassigned to my docket on December 4, 2017 (ECF No. 35).

[3] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

("Tdap") vaccination he received on March 24, 2014. Pet. at 1, 9, ECF No. 1. Petitioner filed a statement of completion on February 10, 2016. ECF No. 8.

On May 26, 2016, Respondent filed a Rule 4(c) Report stating this case should be dismissed for failure to demonstrate entitlement to compensation. ECF No. 14. On January 25, 2017, Petitioner submitted two letters from his attending physician, Dr. Paul Davis, DO. Exs. 10, 11, ECF No. 24. On August 11, 2017, Respondent filed an expert report from Dr. Jeffrey Cohen, MD. Ex. A, ECF No. 31. Dr. Cohen notes that there are discrepancies between Dr. Davis' letters and the medical records, namely "[n]one of the contemporaneous clinical notes after TD's tetanus vaccination document any severe untoward reaction of the tetanus vaccine, in contradistinction to Dr. Davis' letters." Ex. A at 2. Dr. Cohen concludes his report by stating,

> TD did not have a tetany or any significant tetanus reaction. There is no documentation of such an occurrence in the clinical notes by his providers.
>
> TD had a chronic low back problem L5 S1 disc (of at least 10 years duration) which was helped by surgery. This was unrelated to the tetanus vaccination.

*Id.* I held a status conference with the parties on November 19, 2019 informing Mr. Firestone that I believed a more detailed expert report would be needed to support Petitioner's theory of causation. *See* Minute Entry on 11/19/19; *see also* Scheduling Order on 11/19/19, ECF No. 39. I granted Petitioner 90 days to file an expert report. *See* Scheduling Order on 11/19/19, ECF No. 39. Petitioner filed two motions for an extension of time and I granted those motions. ECF Nos. 41, 42; *see* non-PDF Orders granting Motion for Extension on 2/18/2020 and 4/17/2020.

On June 16, 2020, Petitioner filed the instant motion to dismiss his petition, stating "An investigation of the facts and science supporting his case has demonstrated to Petitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program." Pet'r's Mot. at 1, ECF No. 43.

## II.   Conclusion

To receive compensation in the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. § 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet his burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with his motion, must be dismissed. § 11(c)(1)(A).

As such, **IT IS ORDERED THAT**,

Petitioner's Motion for A Decision Dismissing His Petition is **GRANTED** and the petition is hereby **DISMISSED.  The Clerk shall enter judgment accordingly.**

2

      Any questions regarding this Order may be directed to my law clerk, Sydney Lee, by telephone at 202-357-6347, or by email at Sydney_Lee@cfc.uscourts.gov.

**IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master